**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

STACEY R. WILHELM,

   Plaintiff,

    v.                Case No. 09-CV-0682

MAURY STRAUB, CAPTAIN EBERT, LT. SAUER,
SGT. SEEGER, SGT. BEHNKE, SGT. GHANON,
DR. PEREZ, DR. HURTH, LAURIE L. WILLIAMS,
GLEN ZIPPER, and LISA WEILAND,

   Defendants.

DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO EXTEND TIME TO FILE DEMAND FOR DISCOVERY (DOC. 43), DENYING PLAINTIFF'S MOTION TO COMPEL (DOC. 43), GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO FILE RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 43), GRANTING DEFENDANTS' MOTION TO ENLARGE TIME TO FILE DISPOSITIVE MOTIONS (DOC. 46), AND TERMINATING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 36)

  The case docket shows there are four pending motions. For the reasons set forth below, one is moot and will be terminated, two will be denied and another will be granted.

  On July 7, 2011, the court held a telephonic status conference during which plaintiff acknowledged he had not conducted any discovery. Following discussion, the court gave plaintiff a deadline of August 8, 2011, to amend his complaint and to identify defendant Jane Doe. The parties were required to complete discovery by September 7, 2011, and October 7, 2011, was fixed as the deadline for filing dispositive motions. However, on October 7, 2011, plaintiff filed a motion to amend his complaint. Also, on October 7, 2011, defendants filed a motion for summary judgment and supporting documents.

Subsequently, plaintiff's motion to amend was granted and Lisa Weiland was substituted for Jane Doe as a defendant. On October 25, 2011, plaintiff filed a motion to extend his time to demand discovery, to compel discovery, and to respond to defendants' motion for summary judgment. Plaintiff argues that he prepared his discovery demand by September 6, 2011, but was unable to mail it to defendants until September 8, 2011. He asks for a seven-day extension of time to demand discovery and an order compelling defendants to respond to his discovery request. Plaintiff offers that he needs the documents he is seeking through discovery to response adequately to defendants' motion for summary judgment.

Also, before the court are defendants' motion to enlarge the time for filing dispositive motions and two motions for summary judgment. After considering all matters of record, the court finds that plaintiff had adequate time to conduct discovery with respect to the documents he is asking defendants to produce and that he has failed to offer any reason for waiting more than two months to make his discovery request. Consequently, defendants will not be required to produce any of the documents identified in plaintiff's untimely September 8, 2011, discovery demand. Further, it appears that plaintiff should be aware of any documents he is demanding inasmuch as his discovery request suggests that he filed grievances that defendants may have in their possession and that he has seen copies of certain documents on his list posted in the jail where he was held.

As for defendants' motions for summary judgment, the court finds that the initial summary judgment motion was directed to the original complaint. Because the amended complaint superseded the original complaint, the first motion will be termed. Defendants may proceed on the amended motion that relies on the documents filed in support of the

2

first motion. Therefore, defendants' proposed findings of fact, affidavits and brief will be deemed as documents filed in support of the motion for summary judgment. As a consequence,

IT IS ORDERED that plaintiff's motion to extend time to file demand for discovery (Docket 43) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to compel discovery (Docket 43) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to extend time to file response to defendants' motion for summary judgment (Docket 43) is GRANTED.

IT IS FURTHER ORDERED that defendants' motion to enlarge time to file dispositive motions (Docket 46) is GRANTED and defendants' amended motion for summary judgment is held to be timely filed.

IT IS FURTHER ORDERED that defendants' initial motion for summary judgment (Docket 36) is TERMINATED.

IT IS FURTHER ORDERED that plaintiff shall file a response to defendants' amended motion for summary judgment on or before **Monday, February 6, 2012**.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge